THE ALLISON LAND COMPANY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF TENA-FLY.

Submitted March 23, 1903—Decided June 8, 1903.

The Borough act (*Pamph. L.* 1898, *p.* 399), as amended (*Pamph. L.* 1899, *p.* 171), confers the power to assess benefits for street improvements upon lands not upon the line of the street that is improved.

On *certiorari.*

This cause was heard on the original argument at the February Term, 1902, upon the reasons filed therein, and a decision was rendered setting aside the assessment brought up by the writ. The *certiorari* was brought to review an assessment made by the borough of Tenafly for the improvement of Clinton avenue, in the said borough, upon lands belonging to the Allison Land Company, *which do not front upon the avenue.*

The opinion of this court was that the assessment should be set aside, upon grounds, however, that could be cured by reassessment. 39 *Vroom* 205. The prosecutor, not desiring to put the defendant to the expense of making a reassessment, has requested a decision upon the main question in the case, viz., the power to assess lands that do not front upon the street improved.

The following stipulation was thereupon made:

"It is hereby stipulated by and between the parties hereto that we join in an application to the Supreme Court for permission to resubmit and reargue the above-entitled action upon the following conditions and stipulations, which are hereby agreed upon and consented to.

"That the report of the commissioners of assessment be amended by inserting at the end of said report the following:

" 'That we, the commissioners of assessment, do further

certify that the assessments made herein do not exceed the actual benefits received from the said improvement. The lands assessed for this improvement are severally ·and respectively benefited by said improvement to the full amount of the assessment.'

"That the return to the writ be amended by adding to the copy of the report of the commissioners of assessment the same amendment as made above (page 23 of printed case).

"That the reasons filed herein be all struck out with the exception of the first and second reasons (pages 7 and 8 of the printed case) and that the case be presented and argued upon those reasons alone, and that in case of the affirmation of the assessment no interest or costs shall be charged or allowed as against the plaintiff or defendant, and that a rule for reargument may be entered in said cause.

"WILLIAM M. SEUFERT,
"*Attorney for Prosecutor.*
"EDMUND W. WAKELEE,
"*Attorney for Defendant.*"

On the above stipulation, the following rule was entered:

"It appearing to the court that the above-entitled action was argued at the February, 1902, Term of this court, and a decision therein rendered, but that no judgment has been entered herein, and that the return made by the defendant herein has been amended by a stipulation filed herein,

"It is ·on this second day of February, 1903,

"Ordered, that the parties hereto have leave to resubmit and reargue the above-entitled action upon the writ˙ and return as amended by the stipulation filed herein.

"Let the within rule be entered.

"JONATHAN DIXON,
"*Justice Supreme Court.*

"On motion of

"EDMUND W. WAKELEE,
"*Attorney for Defendant.*"

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *William M. Seufert.*

For the defendant, *Edmund W. Wakelee.*

PER CURIAM.

The opinion delivered upon the original argument of this cause (*Allison Land Co.* v. *Borough of Tenafly*, 39 *Vroom* 205) disposes properly of the only question involved in this reargument, viz., the effect of the amendment to the Borough act. *Pamph. L.* 1899, *p.* 171.

The assessment is affirmed, with costs.